Andrea M. Kimball, State Bar No. 196485
Michelle A. Herrera, State Bar No. 209842
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Plaintiff MedImpact Healthcare Systems, Inc.

FILED
08 MAR -5 PM 3:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: CP      DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROCARE RX, a Georgia corporation; and DANIELLE TAYNAI, an individual,<br><br>Defendants. | Case No. '08 CV 0421 JAH POR<br><br>**COMPLAINT FOR**<br>(1) MISAPPROPRIATION OF TRADE SECRETS; (2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;<br>(3) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; (4) UNFAIR COMPETITION – CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*; AND<br>(5) INJUNCTIVE RELIEF |

Plaintiff MedImpact Healthcare Systems, Inc. hereby sues Defendants ProCare Rx and Danielle Taynai, and alleges as follows:

## THE PARTIES

1. Plaintiff MedImpact Healthcare Systems, Inc. ("MedImpact") is, and at all relevant times herein was, a California corporation with its principal place of business in the County of San Diego, State of California. MedImpact provides full service Pharmacy Benefits Management ("PBM") services to its clients. MedImpact is an industry leader in the PBM arena.

///

///

2.  MedImpact is informed and believes, and based thereon alleges, that Defendant ProCare Rx is a corporation organized under the laws of Georgia with its principal place of business in Duluth, Georgia. MedImpact is informed and believes, and based thereon alleges, that ProCare Rx does business throughout the United States and this judicial district.

3.  MedImpact is informed and believes, and based thereon alleges, that Defendant Danielle Taynai ("Taynai") is an individual residing in and a citizen of the state of Georgia.

4.  MedImpact is informed and believes, and on that basis alleges, that at all times mentioned herein, each and every Defendant was the agent, servant, employee, joint venturer, partner, subsidiary, and/or co-conspirator of each other Defendant, and that, in performing or failing to perform the acts herein alleged, each was acting individually as well as through and in the foregoing alleged capacity and within the course and scope of such agency, employment, joint venture, partnership, subsidiary and/or conspiracy, and each other Defendant ratified and affirmed the acts and omissions of the other Defendant. Plaintiffs are further informed and believe that each Defendant, in taking the actions alleged herein and/or ratifying the actions alleged herein, acted within the course and scope of such authority and, at the same time, for their own financial and individual advantage, as well as in the course and scope of such employment, agency and as an alter ego therein.

5.  Whenever, in this Complaint, reference is made to any actions of ProCare Rx, such allegations shall mean that the directors, officers, employees or agent of said entity did perform or authorized the alleged acts or actively engaged in the management, direction and control of such entity and were acting within the course and scope of their employment. Whenever, in this complaint, reference is made to any actions of Taynai and/or any other employee or officer of ProCare Rx, such allegations shall also mean ProCare Rx, acting by and through said individual.

## GENERAL ALLEGATIONS

6.  From May 2006 until February 2008, Taynai worked for MedImpact in the capacity of Pharmacy Network Development Administrator. While working with MedImpact, Taynai was granted access to highly sensitive proprietary information, including information pertaining to MedImpact's customers and accounts, pricing structures, reports, processes, business methods,

identities of key contacts within the industry, information regarding the unique needs and preferences of particular customers and prospective customers, and other information which is not obtainable from public sources. Said proprietary information resulted from years of hard work, information gathering and trial and error by MedImpact.

7. MedImpact maintains the secrecy of its proprietary information by executing confidentiality agreements with all employees, independent contractors, and all other parties provided with MedImpact's confidential information. In addition, MedImpact uses firewalls, private networks, and other technical mechanisms to ensure the security of MedImpact's confidential information. MedImpact also requires registration of all persons given access to MedImpact's network, employs "pop up" reminders on company computers each time an employee logs on to the network and maintains password protection of all confidential information on its server. MedImpact also requires badges and other security mechanisms to control access to MedImpact's facility so as to safeguard its confidential and proprietary information.

8. At the commencement of and during her employment, and as part of MedImpact's efforts to protect its proprietary information, Taynai agreed to and did sign multiple confidentiality agreements and acknowledgments. For instance, when Taynai began work at MedImpact in 2006, she executed the following confidentiality agreement:

> b. <u>Company Confidential Information</u>. I agree at all times to hold all Confidential Information in confidence and to not disclose, use, copy, publish, summarize, or remove from the premises of the Company any Confidential Information, except (a) as necessary to carry out my assigned responsibilities as a Company employee, and (b) after termination of my employment, only as specifically authorized in writing by an officer of the Company.

9. That same day Taynai also promised that when she left MedImpact she would return all MedImpact documents and records as follows:

> 4. RETURNING COMPANY DOCUMENTS
>
> I agree that, at the time of leaving the employ of the Company, I will deliver to the Company (and will not keep in my possession or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items belonging to the Company, its successors or assigns, whether or not confidential.

> In the event of the termination of my employment, I agree to sign and deliver the "Termination Certification" attached . . .

10. In late January 2008, Taynai decided to end her employment with MedImpact. She concealed and misled her supervisors at MedImpact about the fact that she was resigning from MedImpact to join a direct competitor, ProCare Rx. MedImpact is informed and believes, and based thereon alleges, that Taynai accepted a position with ProCare Rx as Manager of Pharmacy Contracting and has recently begun working for the company.

11. On Taynai's last day at MedImpact in early February 2008, she certified that she had returned all MedImpact confidential information. On that same day she also acknowledged to MedImpact's Human Resource Department her continuing obligations to protect MedImpact's confidential information and that she could not bring any MedImpact information with her to her new employer. Taynai was provided with a memorandum summarizing her continuing obligations and protocols relating to MedImpact's proprietary and confidential information, as well as a letter from MedImpact's Senior Vice President and General Counsel reminding her of her obligations to return all MedImpact information. Despite these acknowledgments and reminders, MedImpact is informed and believes, and based thereon alleges, that Taynai took MedImpact proprietary information with her when she left.

12. On or about February 21, 2008, Taynai sent an email to a MedImpact employee confirming that she had shared MedImpact proprietary information with ProCare Rx's President. Specifically, Taynai admitted that she provided key contact information for one of MedImpact's business associates to ProCare Rx's President. Taynai further indicated that she had shared a confidential document and information that she took with her when she left MedImpact with ProCare Rx's President. In her email, Taynai further stated that ProCare Rx's President asked for an electronic copy of this information. MedImpact's employee refused to comply with Taynai's request for confidential and proprietary information. MedImpact is informed and believes, and based thereon alleges, that Taynai has made similar requests for confidential information from MedImpact employees since she left the company and did in fact take a printed copy of a customer list with her to her new employer.

13. MedImpact has demanded that both Taynai and ProCare Rx cease and desist from using MedImpact's confidential and proprietary information and return the same to MedImpact, but Defendants have refused to do so.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity between the Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000.00.

15. Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the acts of trade secret misappropriation, unfair competition and interference with economic relationships complained of herein have occurred and are occurring in this judicial district.

## FIRST CAUSE OF ACTION

## MISAPPROPRIATION OF TRADE SECRETS

### (Against All Defendants)

16. MedImpact hereby incorporates by this reference Paragraph 1 through 15, inclusive, as if set forth fully herein.

17. At all times relevant herein, MedImpact was in possession of trade secrets in its confidential and proprietary information related to its customers and accounts, including unique customer preferences, contracts, pricing structures, reports, processes, business methods, marketing and business plans, identities of key contacts within the industry, and other information which is not obtainable from public sources. This information has economic value in that it enables MedImpact to offer and provide Pharmacy Benefits Management services customized to the unique needs and circumstances of each customer. Said information is not generally known to the public or to the managed pharmacy benefits industry, and derives independent economic value from not being known to the general public or to the relevant industry.

18. MedImpact has expended a significant amount of time and resources in developing its proprietary information. In addition, MedImpact goes to great lengths to protect the secrecy of this information by executing confidentiality agreements with all employees, independent contractors, and all other parties provided with MedImpact's confidential information, maintaining

firewalls, private networks, and other technical mechanisms to ensure the security of MedImpact's confidential information, labeling certain written communications as confidential, and requiring registration of all persons given access through MedImpact's network, employing passwords and reminder "pop up" screens and several other security mechanisms to protect MedImpact's confidential information.

19. MedImpact is informed and believes, and based thereon alleges, that in or about February 2008, Taynai misappropriated proprietary customer and business information belonging to MedImpact and provided that information to her new employer, ProCare Rx. More specifically, and at a minimum, Taynai took with her a hard copy of a document that contains a listing of all of MedImpact's customers and confidential information unique to each. MedImpact is informed and believes, and based thereon alleges, that Taynai shared this list and it contents with ProCare Rx's President, who then requested an electronic copy of the document. Taynai further provided ProCare Rx's President with contact information for a particular business associate of MedImpact that she learned of solely by virtue of her employment with MedImpact. MedImpact is informed and believes, and based thereon alleges, that this is just the tip of the iceberg, and that Taynai and ProCare Rx have willfully misappropriated other information that is confidential and proprietary to MedImpact.

20. MedImpact is informed and believes, and based thereon alleges, that ProCare Rx knew or should have known that the information provided by Taynai was taken from and belonged to MedImpact, Taynai's former employer. MedImpact is informed and believes, and based thereon alleges, that ProCare Rx willingly accepted information from Taynai that it did not have prior to her employment with ProCare Rx, and asked Taynai for more information, knowing that information came from MedImpact. MedImpact is further informed and believes, and on that basis alleges, that ProCare Rx performed no due diligence to ensure that Taynai did not share confidential MedImpact information with ProCare Rx and actually encouraged Taynai to misappropriate MedImpact information for the benefit of ProCare Rx.

/ / /

/ / /

21. As a proximate result of Defendants' acts as alleged herein, MedImpact has suffered damages, and will continue to suffer damages, unless Defendants are enjoined from using the confidential trade secret information they misappropriated and ordered to immediately return said information, and unless MedImpact obtains actual damages consisting of the loss of customers and revenues in an amount to be proven at trial.

22. Defendants, in engaging in the aforementioned acts, are guilty of malice and oppression in that they deliberately intended to harm MedImpact's business and improve their own by misappropriation and acted in conscious disregard of MedImpact's rights. Defendants' conduct therefore warrants the assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct.

23. Defendants wrongful conduct in misappropriating MedImpact's confidential customer and competitive business information and disclosing and utilizing said information will continue unless and until enjoined and restrained by order of this Court. Without such Court intervention, Defendants' conduct in misappropriating MedImpact's proprietary information will cause great and irreparable injury to MedImpact's business, in that MedImpact has lost and will continue to lose existing and potential clientele and customers.

24. MedImpact has no adequate remedy at law for the injuries currently being suffered in that Defendants will continue to wrongfully solicit MedImpact's existing and potential clientele and customers and utilize information that was wrongfully misappropriated from MedImpact, including but not limited to customer information that is not generally available to the public at large. MedImpact is entitled to a temporary, preliminary and permanent injunction against Defendants as prayed herein.

25. MedImpact is informed and believes, and on that basis alleges, that Defendants' conduct was, and is, malicious, fraudulent, deliberate and willful. MedImpact is therefore entitled to recover from Defendants exemplary damages in the amount twice the total of the damages recovered for actual loss as permitted by the California Civil Code §3426.3.

26. MedImpact is also entitled to an award of attorneys' fees pursuant to California Civil Code § 3426.4.

## SECOND CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against All Defendants)

27. MedImpact hereby incorporates by this reference Paragraph 1 through 26, inclusive, as if set forth fully herein.

28. MedImpact is informed and believes, and based thereon alleges, that as a result of Defendants' conduct in misappropriating MedImpact's confidential customer and business information and using the same to solicit existing and potential MedImpact customers, which has had the effect and shall have the effect of interfering with MedImpact's economic relationships with existing and potential clientele, MedImpact has been damaged in an amount to be established according to proof at trial.

29. MedImpact is informed and believes, and based thereon alleges, that Defendants' wrongful acts will continue to cause injury to MedImpact and that such injury will continue unless enjoined and restrained by this Court.

30. MedImpact is informed and believes, and based thereon alleges, that the acts of Defendants alleged herein were willful, oppressive, fraudulent, despicable and in conscious disregard of the rights of MedImpact and the resulting harm to MedImpact. Defendants are liable for punitive and exemplary damages in amount to be established according to proof at time of trial.

## THIRD CAUSE OF ACTION

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against All Defendants)

31. MedImpact hereby incorporates by this reference Paragraph 1 through 30, inclusive, as if set forth fully herein.

32. As set forth above, economic and ongoing business relationships existed and exist between MedImpact and its clientele and customers containing an existing and probable future economic benefit or advantage to MedImpact.

///

33. Defendants knew of the existence of the economic and business relationships between MedImpact and its clientele and customers by virtue of Taynai's former employment with MedImpact.

34. MedImpact is informed and believes, and based thereon alleges, that Defendants were negligent in that they knew or should have known that Taynai owed a duty to MedImpact to maintain the confidentiality and secrecy of MedImpact's proprietary customer and competitive business information, yet violated that duty resulting in the misappropriation of said information and the interference and disruption by Defendants with the actual and prospective economic and business relationships between MedImpact and its clientele and customers.

35. Because the economic relationships between MedImpact and its clientele and customers were interfered with and disrupted by Defendants, and as a proximate result of Defendants' acts as alleged herein, MedImpact has suffered damages and will continue to suffer damages consisting of the loss of customers and revenues in an amount to be proven at trial, unless Defendants are enjoined.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION – CAL. BUS. & PROF. CODE § 17200, ET SEQ.

### (Against All Defendants)

36. MedImpact hereby incorporates by this reference Paragraph 1 through 35, inclusive, as if set forth fully herein.

37. The actions of Defendants described herein in misappropriating MedImpact's confidential customer and competitive business information, and other information and property that belonged to MedImpact and Defendants' acts of unfairly and fraudulently soliciting customers, constitutes unlawful, unfair and fraudulent business acts and practices, in violation of California Business & Professions Code §§ 17200, et seq. ("UCL").

38. As a direct result of Defendants' acts of unfair competition under the UCL, MedImpact has suffered and will continue to suffer harm as described herein, and such harm will continue unless the Court enjoins and restrains Defendants' actions.

///

39. Defendants should be required to restore to MedImpact any and all of MedImpact's confidential, trade secret information and any other information of MedImpact in Defendants' possession, custody or control. MedImpact also seeks injunctive relief to stop ProCare Rx from unfairly soliciting MedImpact's current and potential customers. Further, MedImpact seeks injunctive relief for the return of its information wrongfully obtained through appropriate restitution and any other property wrongfully taken.

40. As a proximate and legal result of Defendants' wrongful conduct, MedImpact has been damaged in its business relationships with potential and existing clientele and customers, and has suffered harm in the form of lost sales, loss of reputation, loss of the ability to control access to its trade secrets and loss of goodwill. As detailed herein, MedImpact seeks an order granting MedImpact and the general public relief from Defendants' deceptive, unfair and fraudulent trade practices.

## FIFTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

### (Against All Defendants)

41. MedImpact hereby incorporates by this reference Paragraph 1 through 40, inclusive, as if set forth fully herein.

42. Beginning in or about February 2008, and continuing to the present time, Defendants wrongfully and unlawfully misappropriated confidential and proprietary information belonging to MedImpact, as described in greater detail herein, and unfairly solicited customers.

43. MedImpact has demanded that Defendants stop their wrongful conduct and return MedImpact's confidential and proprietary information. Defendants have refused and continue to refuse to refrain from their misconduct, and prompt judicial action is therefore necessary to protect MedImpact's interest in and control over its intellectual property and to stop ProCare Rx's unfair competition.

44. MedImpact has no adequate remedy at law for the injuries already suffered and likely to be suffered as a result of Defendants' wrongful actions, as it will be impossible for MedImpact to determine the precise amount of damages it will suffer if Defendants' conduct is not

restrained. Moreover, if Defendants are not enjoined it will be impossible for MedImpact to maintain control over its intellectual property and to prevent further disclosure of its highly confidential and proprietary information to third parties. Monetary damages will not sufficiently compensate MedImpact for the losses sustained as a result of Defendants' wrongful acts.

45. As a proximate result of Defendants' acts as alleged herein, MedImpact has suffered damages, and will continue to suffer damages, unless Defendants are enjoined from using the confidential trade secret information that was misappropriated and ordered to return said information.

## PRAYER FOR RELIEF

WHEREFORE, MedImpact demands judgment against Defendants as follows:

1. For compensatory damages, according to proof, with interest thereon as provided by law;

2. For consequential and actual damages, according to proof, or disgorgement of ProCare Rx's profits and/or a reasonable royalty, with interest thereon as provided by law;

3. For exemplary damages;

4. For injunctive relief;

6. For its attorneys' fees;

7. For costs of suit as provided for by law; and

8. For such other relief as the Court deems just and proper.

DATED: March 5, 2008

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Andrea M. Kimball
Michelle A. Herrera
Attorneys for Plaintiff MedImpact Healthcare Systems, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff MedImpact Healthcare Systems, Inc. hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: March 5, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Andrea M. Kimball
Michelle A. Herrera
Attorneys for Plaintiff MedImpact Healthcare Systems, Inc.

101075418.1

```
           UNITED STATES
           DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

       # 148433      - SH

          March 05, 2008
             15:45:09


          Civ Fil Non-Pris
   USAO #.: 08CV0421
   Judge..: JOHN A HOUSTON
   Amount.:              $350.00 CK
   Check#.: BC35799



   Total-> $350.00


   FROM: MEDIMPACT V. PROCARE RX
```

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MEDIMPACT HEALTHCARE SYSTEMS, INC.

## DEFENDANTS
PROCARE RX, a Georgia corporation; and DANIELLE TAYNAI, an individual

FILED

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Gwinnett County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 CV 0421 JAH POR

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Andrea M. Kimball, State Bar No. 196485
Luce, Forward, Hamilton & Scripps LLP
600 West Broadway, Suite 2600
San Diego, CA 92101
Tel: 619.236.1414; Fax: 619.645.5323

Attorneys (If Known)
Elizabeth L. Clack-Freeman
Andersen, Tate & Carr, P.C.
1505 Lakes Parkway, Suite 100
Lawrenceville, GA 30043
Tel: 770.822.0900; Fax: 822.9680

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability |  | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument |  | 365 Personal Injury — Product Liability |  |  | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' Liability |  | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 480 Consumer Credit |
|  | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 490 Cable/Sat TV |
| 153 Recovery of Overpayment of Veteran's Benefits |  | 371 Truth in Lending | 690 Other |  | 810 Selective Service |
| 160 Stockholders' Suits | 350 Motor Vehicle | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 850 Securities/Commodities/ Exchange |
| 190 Other Contract | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 195 Contract Product Liability | 360 Other Personal Injury |  | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | [X] 890 Other Statutory Actions |
| 196 Franchise |  |  | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 740 Railway Labor Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment |  | 790 Other Labor Litigation |  | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land |  | 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 444 Welfare | 535 Death Penalty |  |  |  |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 |  |
|  |  | 550 Civil Rights | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 446 Amer. w/Disabilities - Other | 555 Prison Condition | 463 Habeas Corpus – Alien Detainee |  |  |
|  | 440 Other Civil Rights |  | 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity - 28 U.S.C. section 1332.
Brief description of cause:
Misappropriation of trade secrets; intentional interference with prospective economic advantage; negligent interference with prospective economic advantage; unfair competition and injunctive relief.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE March 5, 2008
SIGNATURE OF ATTORNEY OF RECORD
Andrea M. Kimball

**FOR OFFICE USE ONLY**
RECEIPT # 148433  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

SM 3/5/08
CR

American LegalNet, Inc.
www.FormsWorkflow.com